**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WALTER ROBERT ATKINS,

Petitioner,

v.

RAYMOND BOOKER,

Respondent.
_______________________________/

CASE NO. 05-CV-71986-DT
HONORABLE GERALD E. ROSEN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Walter Robert Atkins, ("petitioner"), presently confined at the Oaks Correctional Facility in Manistee, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree felony murder, M.C.L.A. 750.316. For the reasons stated below, the petition for a writ of habeas corpus is **DENIED.**

## I. Background

Petitioner was convicted of the above offense following a jury trial in the Wayne County Circuit Court. [1] This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

On September 1, 1999, a woman's body was discovered in a dumpster in

[1] Petitioner was also charged in a separate count with first-degree premeditated murder and was found guilty of the lesser included offense of second-degree murder on that count. At sentencing, the trial court merged the second-degree murder conviction with the felony murder conviction and imposed sentence on that count.

> Detroit. After conducting an autopsy, a medical examiner determined that the victim died from manual strangulation. In addition to signs of strangulation, the medical examiner observed defensive wounds and bite marks on the body. At trial, defendant was identified as the perpetrator through admissions he made to an acquaintance and to a police investigator, and through DNA evidence. Also, witnesses testified that they observed scratches and bite marks on defendant's body shortly after the incident.
>
> * * *
>
> In his statement of January 21, 2000, defendant admitted that he confronted the victim with a weapon, demanded that she give him her money, and then choked her to death when she refused and attempted to resist. Further, he said that afterward he took $ 120 from the victim's purse, then put her clothes and purse in a garbage bag and put them in a dumpster.
>
> *People v. Atkins,* No. 237788, * 1, 5 (Mich.Ct.App. July 17, 2003); *reissued* September 16, 2004.

Petitioner's conviction was affirmed on appeal. *Id.; lv. den.* 472 Mich. 894, 695 N.W.2d 72 (2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. I. DEFENDANT'S CONFESSION WAS INVOLUNTARY AS IT WAS INDUCED BY EXPECTATIONS OF LENIENCY IN RETURN FOR HIS COOPERATION, AND DEFENDANT WAS NOT MENTALLY CAPABLE OF UNDERSTANDING OR INTELLIGENTLY WAIVING HIS CONSTITUTIONAL RIGHTS, US CONST AM V, XIV; MICH CONST ART I, § 20.
>
> II. THE TRIAL JUDGE DENIED MR. ATKINS HIS DUE PROCESS RIGHT TO A FAIR TRIAL BY DENYING HIS TIMELY REQUEST TO HAVE THE JURY INSTRUCTED ON THE COGNATE LESSER OFFENSE OF MANSLAUGHTER, THEREBY DENYING THE DEFENDANT DUE PROCESS PURSUANT TO US CONST AMS V, XIV; AND MICH CONST 1963, ART 1, § 17.
>
> III. DEFENDANT'S FELONY MURDER CONVICTION MUST BE REVERSED, BECAUSE THERE WAS NO EVIDENCE OF THE PREDICATE FELONY, WHICH WAS LARCENY. US CONST. AMS V, XIV; MICH CONST ART 1, §§ 17, 20.

IV. DEFENDANT WAS DENIED HIS DUE PROCESS RIGHT TO A FAIR TRIAL BY THE UNLAWFUL ADMISSION OF DNA EVIDENCE. US CONST AMS V, XIV; MICH CONST ART 1, §§ 17, 20. [2]

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

---

[2] Due to the brevity of the petition for writ of habeas corpus, this Court is willing to incorporate the arguments raised in petitioner's state appellate court brief [Part of this Court's Dkt. Entry # 20] as being part of petitioner's application for writ of habeas corpus. *See e.g. Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2. (E.D. Mich. 2004).

## III. Discussion

**Claim # 1. Petitioner has failed to show that his confession to the police was involuntary.**

Petitioner first claims that his confession to the police was involuntary, because it was induced by expectations of leniency in exchange for his confession and because he was not mentally capable of understanding or intelligently waiving his constitutional rights.

A *Walker* [3] hearing was conducted before the state trial court on August 16, 2000 to challenge petitioner's waiver of his *Miranda* rights and the voluntariness of his confession. At the conclusion of the hearing, the trial court concluded that petitioner had been given and had waived his *Miranda* rights, and that his statement was freely given and without police coercion. The trial court disbelieved petitioner's claim that he did not understand the rights that he was relinquishing, finding much of petitioner's testimony on this issue to be "inherently incredible."

The Michigan Court of Appeals upheld these factual findings on appeal. *People v. Atkins,* Slip. Op. at * 3. Regarding petitioner's claim on appeal that his statement was involuntary, because he had been treated roughly by the police and he was intimidated by the number of police present, the Michigan Court of Appeals noted that petitioner never testified at the evidentiary hearing that he was treated roughly or intimidated by the number of police. With respect to petitioner's claim that he had been promised leniency, the Michigan Court of Appeals noted that petitioner never asserted that he confessed because the police promised him that he would be released if he did so. Instead, petitioner testified that he was duped into making his January 21, 2000

---

[3] *People v. Walker*, 374 Mich. 331; 132 N. W. 2d 87 (1965).

statement to the police because he was tricked into signing a confession that he did not make on the pretext that his signature and initials were necessary requirements for his release. Because the record did not support petitioner's assertion on appeal that police promises of leniency induced him to confess, the Michigan Court of Appeals found petitioner's claim that his statement was involuntary to be without merit. *Atkins,* Slip. Op. at * 4.

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001); *Jones v. Smith,* 244 F. Supp. 2d 801, 808 (E.D. Mich. 2003); 28 U.S.C. § 2254(e)(1). Subsidiary factual questions in determining the voluntariness of a statement to police, such as whether the police engaged in intimidation tactics alleged by a habeas petitioner, are entitled to the presumption of correctness accorded to state court findings of fact. *Miller v. Fenton*, 474 U.S. 104, 112 (1985). Likewise, whether a defendant understood his or her *Miranda* rights is a question of fact underlying the question of whether his waiver of those rights was knowing and intelligent. Thus, on federal habeas review, a federal court has to presume that the state court's factual finding that a defendant fully understood what was being said and asked of him was correct unless the petitioner shows otherwise by clear and convincing evidence. *Williams v. Jones,* 117 Fed. Appx. 406, 412 (6th Cir. 2004); *See also Terry v. Bock,* 208 F. Supp. 2d 780, 789 (E.D. Mich. 2002).

In this case, petitioner is not entitled to habeas relief because he has failed to

offer any evidence, clear and convincing or otherwise, to rebut the findings by the Michigan courts that he understood the rights that were read to him. *Williams,* 117 Fed. Appx. at 412. Likewise, the state appellate court's finding that the police made no promises to induce an incriminating statement from petitioner and that his statement was, therefore, voluntarily made, is entitled to the presumption of correctness because petitioner has failed to present clear and convincing evidence to rebut this presumption. *Pritchett v. Pitcher*, 117 F. 3d 959, 963-64 (6th Cir. 1997). Further, because petitioner has failed to present clear and convincing evidence to rebut this presumption, he is not entitled to challenge the Michigan Court of Appeals' credibility determination concerning the voluntariness of his confession on habeas review. *See Walendzinski v. Renico,* 354 F. Supp. 2d 752, 760 (E.D. Mich. 2005).

Even assuming that the trial court erred in admitting petitioner's confession into evidence, petitioner would still not be entitled to habeas relief. For purposes of determining whether federal habeas relief must be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error standard to apply is whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). The *Brecht* harmless error standard applies even if a federal habeas court is the first court to review the case for harmless error, as is the case here. *Gilliam v. Mitchell*, 179 F. 3d 990, 995 (6th Cir. 1999). Any possible error in admitting petitioner's confession into evidence was harmless, even if petitioner's waiver of his *Miranda* rights was involuntary, in light of the additional evidence against petitioner. *See Powell v.*

*Bowersox*, 895 F. Supp. 1298, 1312 (E.D. Mo. 1995). Because of the additional evidence against petitioner, including his own admission to Baron Polk that he had strangled the victim, petitioner's statement did not contribute to any significant degree to the jury's verdict. *Id.* Petitioner is not entitled to habeas relief on his first claim.

**Claim # 2. Petitioner is not entitled to habeas relief based on the trial court's failure to instruct the jury on the lesser included offense of voluntary manslaughter.**

Petitioner next contends that he was denied due process and a fair trial because the trial court failed to instruct the jury on the lesser included offense of voluntary manslaughter.

The United States Supreme Court has declined to determine whether the Due Process Clause requires that a state trial court instruct a jury on a lesser included offense in a non-capital case. *See Adams v. Smith,* 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003)(*citing to Beck v. Alabama,* 447 U.S. 625, 638, n. 4 (1980)). Thus, a state trial court's failure to give the jury an instruction on a lesser included offense in a non-capital case is not contrary to, or an unreasonable application of, clearly established federal law as required for federal habeas relief. *Id.* *Beck* has been interpreted by the Sixth Circuit to mean that "the [federal] Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle,* 260 F. 3d 531, 541 (6th Cir. 2001). Thus, the failure of a state trial court to instruct a jury on a lesser included offense in a non-capital case is not an error cognizable in federal habeas review. *Bagby v. Sowders*, 894 F. 2d 792, 797 (6th Cir. 1990); *See also Scott v. Elo,* 302 F. 3d 598, 606 (6th Cir. 2002). Moreover, because there was sufficient evidence to find

petitioner guilty of the offense of first-degree felony murder, (*See* Claim III, *infra),* petitioner is not entitled to habeas relief on this claim. *See Reedus v. Stegall,* 197 F. Supp. 2d 767, 784 (E.D. Mich. 2001).

**C. Claim # 3. There was sufficient evidence to convict petitioner of first-degree felony murder.**

Petitioner next contends that there was insufficient evidence of the underlying predicate felony of larceny to convict him of first-degree felony murder.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the finder of fact. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). The determination of the credibility of a witness is within the sole province of the finder of fact and is not subject to review. *See Dillard v. Prelesnik,* 156 F. Supp. 2d 798, 805 (E.D. Mich. 2001). In addition, the habeas court does not substitute its judgment for that of the finder of fact. *Id.*

Under Michigan law, the elements of first-degree felony murder are:

(1) the killing of a human being;
(2) with an intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm is the probable result (i.e., malice);
(3) while committing, attempting to commit, or assisting in the commission of one of the felonies enumerated in the felony murder statute.

*Matthews v. Abramajtys,* 319 F. 3d 780, 789 (6th Cir. 2003)(citing to *People v. Carines*, 460 Mich. 750, 759; 597 N.W. 2d 130 (1999)).

In the present case, the evidence was sufficient to sustain petitioner's conviction for the crime of felony murder based on the underlying felony of larceny, where it was undisputed that the victim died as the result of strangulation, and petitioner admitted to the police that he confronted the victim with a weapon, demanded money from her, choked her to death when she refused, and then took $ 120.00 from the victim's purse. *See e.g. Riley v. Berghuis,* 388 F. Supp. 2d 789, 800-04 (E.D. Mich. 2005).

The fact that the victim's purse was never recovered merely went to the weight, not the sufficiency of the evidence in this case. In order to prove the *corpus delicti* in a prosecution for larceny, it is not necessary that stolen property be recovered. *See Mora v. United States,* 190 F. 2d 749, 750 (5th Cir. 1951)(citing 52 C.J.S., Larceny, 131, page 967)(additional citations omitted). Accordingly, petitioner is not entitled to habeas relief on his third claim.

**D. Claim # 4. Petitioner's claim involving the admission of the DNA evidence is procedurally defaulted.**

Petitioner next contends that DNA evidence was improperly admitted into evidence.

In his appeal before the Michigan Court of Appeals, petitioner alleged that the prosecutor failed to establish that generally accepted laboratory procedures were utilized with respect to the DNA evidence, failed to establish that the method of statistical analysis used has general acceptance in the scientific community, and failed to lay an adequate foundation for the admission of his blood sample. However, at trial

petitioner objected to the qualification of the prosecution's proposed DNA expert. Because petitioner failed to object to the admission of the DNA evidence in the trial court on the same basis that he argued on appeal, the Michigan Court of Appeals found his claim to be unpreserved and reviewed the claim for plain error only. *Atkins,* Slip. Op. at * 5.

"[I]t is a firmly established Michigan procedural rule that an objection on one ground is insufficient to preserve an appellate argument based on another ground." *Kyles v. Jackson*, No. 2005 WL 2090887, *13 (E.D. Mich. 2005)(citing *People v. Aldrich*, 246 Mich. App. 101, 113; 631 N.W. 2d 67 (2001); *People v. Asevedo*, 217 Mich. App. 393, 398; 551 N.W.2d 478 (1996); *People v. Stimage*, 202 Mich. App. 28, 30; 507 N.W.2d 778 (1993)); *See also* M.R.E. 103(a)(1).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with

new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

In this case, the Michigan Court of Appeals clearly indicated that by failing to object to the admission of the DNA evidence in the trial court on the same basis that he argued on appeal, petitioner had failed to preserve his claim. The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's DNA claim does not constitute a waiver of the state procedural default. *Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of petitioner's claim for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). Thus, petitioner's fourth claim is procedurally defaulted.

In the present case, petitioner has failed to offer any reasons to excuse the procedural default. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith*, 477 U.S. at 533; *See also Alexander v. Smith,* 342 F. Supp. 2d 677, 685 (E.D .Mich. 2004). Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this court to consider this claim as a ground for a writ of habeas corpus in spite of the procedural default. Petitioner's sufficiency of evidence claim is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Ccourt declined to

review the procedurally defaulted claims on the merits. *See Alexander*, 342 F. Supp. 2d at 685. Accordingly, petitioner is not entitled to habeas relief on his fourth claim.

**III. Conclusion**

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition

should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). Therefore, a district court has the power to deny a certificate of appealability *sua sponte. See Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Millender,* 187 F. Supp. 2d at 880. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: October 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 30, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry

Case Manager